IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

THOMAS R. HUDSON,

      Petitioner,

v.                                                                    CASE NO. 4:05-cv-00215-MP-EMT

JAMES R. McDONOUGH,

      Respondent.

_____/

## **O R D E R**

This matter is before the Court on Doc. 19, Report and Recommendation of the

Magistrate Judge, which recommends that Petitioner Knight's petition for writ of habeas corpus,

Doc. 1, be denied, and this case be dismissed with prejudice.  The Magistrate Judge filed the

Report and Recommendation on Thursday, March 29, 2007.  The parties have been furnished a

copy of the Report and have been afforded an opportunity to file objections.  Pursuant to Title

28, United States Code, Section 636(b)(1), this Court must make a *de novo* review of those

portions to which an objection has been made.

Following a jury trial, Petitioner was convicted in state court of first degree murder with

a firearm, armed robbery with a firearm, burglary of a dwelling with assault, use of a firearm in

the commission of a felony, and grand theft of a motor vehicle.  Petitioner appealed his

conviction and sentence to the First District Court of Appeal of Florida, which affirmed the trial

court.  Petitioner then collaterally challenged his conviction under Rule 3.850 of the Florida

Rules of Criminal Procedure, alleging ineffective assistance of counsel and newly discovered

evidence.  This motion was denied, which was affirmed on appeal, and Petitioner sought a

rehearing on this motion.  Petitioner then filed the instant habeas action, seeking relief on two

grounds–ineffective assistance of counsel and violation of his due process rights.  Respondent

concedes that the petition is timely, and that Petitioner has properly exhausted his claims in state

court.

In his first ground, Petitioner contends that two jurors were actually biased against him,

that he informed trial counsel of these facts, and his attorney was ineffective for failing to strike

them from the jury.  In hearing Petitioner's Rule 3.850 motion, the state court found that the

record conclusively refuted Petitioner's claim, and that trial counsel's failure to strike the

allegedly biased jurors did not amount to ineffective assistance of counsel under Strickland v.

Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).  To be entitled to relief

under 28 U.S.C. § 2254(d)(1), Petitioner must show that the state-court decision resulted in a

decision that was contrary to or involved an unreasonable application of Strickland.  Although

Petitioner argued that he was prejudiced because the result would have been different had the

two jurors been stricken, the state court found that Petitioner did not show that counsel's

performance was deficient.

As the Magistrate notes, the state court's determinations of fact are "presumed to be

correct," unless the presumption is rebutted by Petitioner "by clear and convincing evidence."

After an evidentiary hearing, the state court concluded that trial counsel would have stricken any

potential juror with a bias against Petitioner had Petitioner informed trial counsel.  As the

Magistrate notes, Petitioner must demonstrate actual bias of a juror to support a claim of

ineffective assistance of counsel based on failure to strike.  Since Petitioner has not presented

any evidence of bias beyond his allegations, he has failed to show that any juror was actually

biased against him.  Therefore, Petitioner cannot show any error in trial counsel's performance

based on the failure to strike.

Petitioner does not challenge the Magistrate's recommendation on this ground, but instead argues that allegations in his second ground for relief prevent him from rebutting the state court's findings.  Accordingly, the Court agrees with the Magistrate that Petitioner has failed to show that the state court unreasonably applied <u>Strickland</u> in concluding that trial counsel's performance was not so deficient as to constitute ineffective assistance of counsel.

In his second ground, Petitioner alleges that he was not afforded a full, fair, and adequate hearing on his Rule 3.850 motion, in violation of the Fourteenth Amendment's guarantee of due process.  Specifically, Petitioner states that counsel during his Rule 3.850 hearing should have subpoenaed the two allegedly biased jurors or should have presented some evidence other than Petitioner's own testimony.  Because this evidence was not presented, Petitioner argues that the state court's factual findings during the hearing are not entitled to a presumption of correctness. The Magistrate recommends dismissal of this claim because an alleged defect in a collateral proceeding does not state a basis for federal habeas relief.  In his objections, Petitioner argues that the state court improperly found trial counsel's testimony more credible than his own, and that the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing, thus violating Petitioner's right to due process.  Because Rule 3.850 hearing was not a "full and fair," Petitioner states the presumption of correctness regarding the findings as to ineffective assistance of trial counsel should not apply.

The Magistrate is correct that Petitioner's second ground for relief is insufficient by itself to state an independent basis for habeas relief.  However, Petitioner in his objections appears to use the argument in ground two as a means to rebut the presumption of correctness in ground

one; that is, his Rule 3.850 hearing was so unfair as to cast into doubt the facts found.  The fact

that two jurors were not called witnesses during Petitioner's Rule 3.850 hearing did not, as

Petitioner claims, render the entire hearing constitutionally deficient.  Nor did the state court's

credibility determination somehow materially alter an otherwise full, fair, and adequate hearing.

Therefore, having considered the Report and Recommendation and the objections thereto, I have

determined that it should be adopted.  Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.   The Report and Recommendation of the Magistrate Judge is adopted and
     incorporated herein.

2.   The petition for writ of habeas corpus, Doc. 1, is DENIED, and this case is
     DISMISSED WITH PREJUDICE.

**DONE AND ORDERED** this   *2nd* day of May, 2007

*s/Maurice M. Paul*

Maurice M. Paul, Senior District Judge